IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HERITAGE FOUNDATION<br>214 Massachusetts Avenue, NE<br>Washington, D.C.  20002;<br><br>MIKE HOWELL<br>214 Massachusetts Avenue, NE<br>Washington, D.C.  20002<br><br>              *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue, NW<br>Washington, DC 20220,<br><br>              *Defendant*. | Civil Action No. |

## **COMPLAINT**

COMES NOW Plaintiffs Heritage Foundation ("Heritage") and Mike Howell (collectively "Plaintiffs") to bring this action against the U.S. Department of the Treasury ("Treasury") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  In support thereof, Plaintiffs state the following:

1. The term "recession" is defined by the Board of the Federal Reserve as a "significant decline in economic activity spreading across the economy, lasting more than a few months."  Economic Information Newsletter, Fed. Reserve Bank of St. Louis (Feb. 2009) (Ex. 1). The International Monetary Fund likewise defines recession as "two consecutive quarters of

declines in a country's real (inflation-adjusted) gross domestic product." Stijn Claessens & M. Ayhan Kose, *Recession: When Bad Times Prevail*, International Monetary Fund (Ex.2).

2. Over the past year, The Biden Administration, under Treasury, has worked to redefine recession by using metrics that are *not* commonly and historically used to define recession, such as the Gross Domestic Output ("GDO").[1] *See*, EJ Antoni, *By the Treasury Secretary's Own Definition, We're Back in a Recession*, The Heritage Foundation (June 20, 2023) (Ex. 3). On or about July 21, 2022, The White House issued blog post that states that "…it is unlikely that the decline of the GDP in the first quarter of this year – even if followed by another GDP decline in the second quarter – indicates a recession." The White House, *How Do Economists Determine Whether the Economy Is in a Recession?*, (July 21, 2023) (Ex. 4). This position is in extreme tension with conventional wisdom and the position of the Board of the Federal Reserve.

3. The integrity and transparency of the United States Government are of the utmost importance. Plaintiffs are justifiably concerned that Treasury has redefined the term "recession" to minimize the political impact of any economic downturns faced during the Biden Administration. Many are concerned that as the American People are feeling the effects of economic loss, Treasury is spending more time redefining terms than on addressing the economic needs of the country. As Plaintiff's have sought to understand the decision-making and tax-payer

---

[1] GDO is the average of gross domestic product ("GDP") and gross domestic income ("GDI"). *See* Ex. 3.

funding behind this radical change in terminology, Treasury has failed to respond to Plaintiffs' FOIA Request ("Request") (Ex. 5). Plaintiffs are thus left with no remedy but this lawsuit.

## PARTIES

4. Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, *About Heritage*, *found at* https://www.heritage.org/about-heritage/mission (last visited Nov. 29, 2023). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public. Heritage operates a national news outlet, *The Daily Signal*.

5. Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for *The Daily Signal*. The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight. The requests and analysis of information are informed by Heritage's deep policy expertise. By function, the Oversight Project is primarily engaged in disseminating information to the public. *See, e.g.*, Oversight Project, *found at* https://www.heritage.org/oversight (last visited Nov. 29, 2023); Twitter, found at @OversightPR (last visited Nov. 29, 2023). Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

6. Defendant U.S. Department of the Treasury ("Treasury") is an Executive Branch department of the United States Government. Relevant to the herein matter, Treasury is charged

with maintaining a strong economy and creating economic opportunities through the promotion of conditions that enable economic growth and stability.   DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1) and, upon information and belief, has in its possession, custody, and control records to which Plaintiffs seeks access.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue lies in this district pursuant to 28 U.S.C. section 1391(e).

9. Plaintiffs seek declaratory relief under 28 U.S.C. §§ 2201–2202 and Rule 57 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

10. On or about July 6, 2023, Plaintiffs submitted a FOIA request to Treasury seeking "All electronic mails (emails), MMS or SMS text messages, instant messages, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger)," containing the terms:

   1) "Recession;
   2) Alternative definition of recession;
   3) Alternative recession measurements"

   Request at 1.

11. The Request sought the above-referenced records for the following custodians:

   1) "Dr. Janet Louise Yellen;
   2) Calvin A. Mitchell, III;
   3) Alvin Zack Rosenblum;
   4) Natalie Pyle Earnest;
   5) James V. Secreto;
   6) William Pratt;
   7) Chastity C. Murphy;
   8) Matthew Wiegmann;

    9) Didem A. Niscanci;
    10) Nathan H. Levit;
    11) Aditi Hardiker;
    12) Kayla Arslanian;
    13) Nicole Lindler;
    14) Raymond Pham; and
    15) Hira Qureshi."

    *Id*. at 2.

12. The Request was further limited as Plaintiffs requested only those documents from April 28, 2022, to October 27, 2022, and excluded press clippings and mailers. *Id.*

13. The Request further sought a fee waiver. *Id.*

14. Treasury has never substantively responded to the Request. On August 30, 2023, Treasury sent an email asking Plaintiff's to narrow the scope of the Request. (Ex. 6). On August 31, 2023, Plaintiffs responded and agreed to narrow the scope to only correspondence from the above-listed custodians of record. (Ex. 7).

15. On September 1, 2023, Treasury sent an acknowledged receipt of the Request and assigned it tracking number 2023-FOIA-00559. In the same correspondence, Treasury noted that "…unusual circumstances exist regarding the search for and review of potentially responsive records which may delay our response." (Ex. 8). Treasury did not, however, explicitly invoke the 10-day extension pursuant to the Code of Federal Regulations. *Id.*; 8 C.F.R. Part 5 § 5.5(c). The correspondence further noted that Treasury would consider the fee waiver once the office "…ascertains that the billable costs will exceed our $25.00 billing threshold." *Id.*

16. Since Treasury's September 1, 2023 letter, the Department has not produced documents in response to the Request nor further contacted Plaintiffs.

17. Twenty business days from July 6, 2023, is August 2, 2023.

18. Thirty business days from July 6, 2023, is August 17, 2023.

19. As of the date of this filing, Treasury has failed to produce any records, responsive or other, in response to the Request, nor has it otherwise demonstrated that the requested records are exempt from production. Additionally, Treasury has failed to meet either the twenty or thirty business day time frame to provide a determination. *See* 5 U.S.C. § 552(a)(6)(A)–(B).

20. Pursuant to federal law, Plaintiffs are deemed to have exhausted their administrative remedies as DHS failed to make a determination within the applicable time frame. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIMS

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Searches for Responsive Records**

21. Plaintiffs incorporate by reference all preceding paragraphs and incorporate each paragraph of each count as applicable to each other count.

22. Plaintiffs properly requested records within the possession, custody, and control of Treasury.

23. Treasury has failed to produce any responsive records.

24. Treasury is subject to FOIA and therefore must comply with 5 U.S.C § 552 and make reasonable efforts to search for requested records. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Treasury's failure to conduct reasonable searches for records.

25. Plaintiffs have a statutory right to the information sought, are being irreparably harmed by Treasury's unlawful failure to comply with FOIA and failure to conduct searches for responsive records and Plaintiffs will continue to be irreparably harmed unless Treasury is compelled to comply with applicable federal statutes.

26. 5 U.S.C. § 552(a)(4)(B) authorizes the grant of injunctive relief to Plaintiffs as Treasury continues to violate the FOIA provisions and improperly withhold responsive records.

27. 28 U.S.C. § 2201 authorizes declaratory relief because an action and justiciable controversy exists regarding DHS' actions.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

28. Plaintiffs incorporate by reference all preceding paragraphs and incorporate each paragraph of each count as applicable to each other count.

29. Plaintiffs properly requested records within the possession, custody, and control of the Defendants.

30. Treasury is subject to FOIA and therefore must release any non-exempt records and provide lawful reasons for withholding any materials deemed exempt.

31. Treasury is wrongfully withholding non-exempt records requested by Plaintiffs by failing to produce any records response to Plaintiffs' request.

32. No basis exists for Treasury's failures to provide responses to Plaintiffs' request. Plaintiffs have constructively exhausted their administrative remedies under FOIA by virtue of Treasury's failure to reach a determination on the request and release responsive records.

33. Plaintiffs have a statutory right to the information sought, are being irreparably harmed by Treasury's unlawful failure to comply with FOIA and failure to conduct searches for

responsive records and Plaintiffs will continue to be irreparably harmed unless Treasury is compelled to comply with applicable federal statutes.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

34. Plaintiffs incorporate by reference all preceding paragraphs and incorporate each paragraph of each count as applicable to each other count.

35. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

36. Treasury has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 6 C.F.R. § 5.11(d)(2).

37. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

38. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

39. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

40. Treasury has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

41. Plaintiffs have a statutory right to a fee waiver.

42. Treasury is in violation of FOIA by denying a fee waiver.

43. Plaintiffs are being irreparably harmed by reason of Treasury's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Treasury is compelled to comply with the law.

44. Plaintiffs have no adequate remedy at law.

45. Plaintiffs have constructively exhausted their administrative remedies.

## COUNT IV

### Violation of FOIA, 5 U.S.C. § 552
### Statutory Bar Against Charging Fees

46. Plaintiffs incorporate by reference all preceding paragraphs and incorporate each paragraph of each count as applicable to each other count.

47. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

48. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

49. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

50. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

51. Treasury has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

52. Treasury is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

53. Plaintiffs are being irreparably harmed by reason of Treasury's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Treasury is compelled to comply with the law.

54. Plaintiffs have no adequate remedy at law.

55. Plaintiffs have constructively exhausted their administrative remedies.

**PRAYER FOR RELIEF**

For these reasons, Plaintiffs asks this Court to:

a. Declare unlawful Treasury's refusal to disclose requested records;

b. Declare that Treasury's failure to make determinations to Plaintiffs' request within the statutory time frame violates FOIA;

c. Order Treasury to conduct a search for any and all records responsive to Plaintiffs' FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA request;

    d. Order Treasury to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA request as well as a Vaughn index of any responsive records withheld under claim of exemption;

    e. Enjoin Treasury from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA request;

    f. Award Plaintiffs the costs of this action and reasonable attorney's fees; and

    g. Grant such other and further relief as this Court deems equitable and just.

Dated: November 28, 2023　　　　　　　　　　Respectfully submitted,

/s/ Joseph B. Edlow
JOSEPH B. EDLOW
Bar No.: MD0147
The Law Offices of Joseph Edlow LLC
1201 Seven Locks Road, Suite 360
Rockville, Maryland 20854
Telephone: 410-303-1450
Email: joseph@edlowlaw.com

SAMUEL EVERETT DEWEY

(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

*Counsel for Plaintiff*